# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

HILLIARD TOI CLIATT,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,
LAWRENCE GUERRA, individually,
and SIX UNKNOWN FBI AGENTS,

    Defendants.

Civil Action

File No. 1:19-cv-4180-JPB

## PLAINTIFF'S EX PARTE MOTION FOR LIMITED, EXPEDITED EARLY DISCOVERY TO IDENTIFY UNKNOWN AGENTS

Plaintiff Hilliard Cliatt moves *ex parte* for an order permitting limited early discovery to identify the unknown agents named in their Complaint.

## INTRODUCTION

This case arises from the FBI's execution of a no-knock warrant at the wrong house. Plaintiff, who was asleep at the time of the raid and was held at gunpoint after agents forced their way into the home, brought suit against the federal government, under the Federal Tort Claims Act, and against the individual officers who were involved in the raid, pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Plaintiff only knows the identity of one of the officers involved in the

raid: FBI Special Agent Lawrence Guerra. Agent Guerra identified himself to Plaintiff and his partner and her child after agents determined they were at the wrong address, and provided his business card. *See* Doc. 1, 38. But there were at least six other FBI agents who participated in the warrant execution, including an agent who held Plaintiff at gunpoint. *See id*. ¶¶ 10-36. Plaintiff is unable to identify the unknown agents as they were dressed identically in SWAT-style gear and wearing facemasks. *See id*. ¶ 13.

Plaintiff has identified these agents to the best of his ability by specifying that the unidentified agents were involved in this particular warrant execution, at a specific location and time: 3756 Denville Trace, SW, Atlanta, Georgia 30331 on October 18, 2017 at approximately 4:00 a.m. *See id*. ¶¶ 10-13; *see also, Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (noting plaintiffs are permitted to name unknown defendants if their identities may not be known at the time of filing suit but can be uncovered through discovery).

Plaintiff has served this lawsuit on the United States, but has not been able to perfect service on Special Agent Guerra. Plaintiff has not yet communicated with the attorney assigned to represent Defendants, but is in communication with counsel for Plaintiffs in the related case, *Martin et al. v. United States*, 1:19-cv-04106-JPB.

Plaintiff seeks leave from this Court to conduct limited, early, expedited discovery to learn the identities of these unknown agents to perfect service on all of the individual Defendants. Specifically, Plaintiff requests this Court authorize the issuance of a subpoena to the FBI to provide documentation which shows the names of each officer involved in the raid, with a compliance date of October 18, 2019.

## ARGUMENT AND CITATION OF AUTHORITY

Generally, a party may not conduct discovery before the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f). *See* Rule 26(d)(2)(B). However, "for good cause courts can authorize early, pre-answer discovery 'for the parties' and witnesses' convenience and in the interests of justice.'" *Voltage Pictures, LLC v. Does 1-31*, 291 F.R.D. 690, 694 n.8 (S.D. Ga. 2013) (quoting Fed. R. Civ. P. 26(d)(2)) (citing *Quad Intern., Inc. v. Doe,* No. 1:12-cv-02050, 2013 WL 178141, *2 (E.D. Cal. Jan. 16, 2013). Such good cause "is shown 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Id.* (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002)) (citing *Thompsons Film, LLC v. Doe 119,* N. 2;13-cv-320, 2013 WL 1787807, at *1–2 (M.D. Fla. Apr. 26, 2013); *Canal Street Films v. Does 1–22,* No. 1:13-cv-999, 2013 WL 1775063,

at *4 (M.D. Pa. Apr. 25, 2013)).

Plaintiff has good cause for seeking this expedited, early discovery: to learn the true identities of the unknown agents in order to amend their Complaint and perfect service on the individual Defendants. With this Court's permission, Plaintiff can issue learn the identities without undue expense or delay. The government is already aware of the identities of these agents given the description of the location, time and date of the incident in the Complaint. A subpoena for the production of document(s) identifying the agents assigned to execute that particular warrant would be an expeditious and unburdensome manner of obtaining the requested information. Obtaining this information is in the interests of justice as Plaintiff requires this information to amend the complaint and perfect service of the summons and Complaint on the unknown individual Defendants.[1]

WHEREFORE, Plaintiff respectfully requests leave of this Court issue an order authorizing the issuance of a subpoena to the FBI to provide documentation which shows the names of each officer involved in the raid, with a compliance date of October 18, 2019.

Respectfully submitted this 8th day of October 2019,

---

[1] Plaintiff also notes that they he has filed a separate motion requesting the Court order that the United States provide notice to the John Doe Defendants of the pendency of this action.

*/s/ Zack Greenamyre*
Zack Greenamyre
Georgia Bar No. 293002
Mitchell & Shapiro LLP
3490 Piedmont Road, Suite 650
Atlanta, Georgia 30305
404-812-4747
404-812-4740 (fax)
zack@mitchellshapiro.com