UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HILLARD TOI CLIATT,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>LAWRENCE GUERRA, individually,<br>and SIX UNKNOWN FBI AGENTS,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:19-cv-04180-JPB |

**ORDER**

This matter came before the Court on Defendant Lawrence Guerra's ("Guerra") Motion to Dismiss (ECF No. 14). Having reviewed and fully considered the papers filed in connection therewith, the Court finds as follows:

**I.   BACKGROUND**

Plaintiff Hillard Toi Cliatt ("Cliatt") filed a complaint asserting numerous claims against the United States under the Federal Tort Claims Act and against Guerra and unnamed Federal Bureau of Investigation ("FBI") agents under the Fourth Amendment in connection with a no-knock warrant that was inadvertently served on his home.

According to the Complaint, Cliatt, his fiancé and his fiancé's seven-year old child were awoken early in the morning of October 18, 2017, when FBI agents,

including Guerra, entered their home purportedly to serve a no-knock warrant. Cliatt alleges the agents did not verify that they were at the correct house or the correct street before entering his home. They rammed in the front door, deployed flash bang grenades, aimed their guns at Cliatt and handcuffed him. The agents then held Cliatt and his fiancé under arrest and kept his fiancé away from her son, who was sleeping in another room in the house, for approximately one hour before they realized their mistake and left the home.

Cliatt alleges he suffered severe emotional distress as a result of the incident and has required extensive counseling.

This matter is in the very early stages. No discovery has occurred due to a stay entered by the Court pending a ruling on Guerra's motion to dismiss.

Guerra seeks to dismiss the claims against him on qualified immunity grounds. However, his motion is premised on his 61-paragraph affidavit, which he asks the Court to consider in ruling on the motion. The affidavit contradicts the facts set forth in the Complaint and describes the incident solely from Guerra's point of view.

Alternately, Guerra asks the Court to convert the motion to dismiss into one for summary judgment.

Cliatt responds that Guerra's motion should be denied because the facts as pleaded in the Complaint do not support a qualified immunity defense (and Guerra does not argue that they do).  If, on the other hand, the Court converts the motion into one for summary judgment, Cliatt asks the Court to defer ruling on the motion or deny it pursuant to Federal Rule of Civil Procedure 56(d) and allow him to conduct discovery, so he may properly oppose the motion.

II. **ANALYSIS**

A. **Motion to Dismiss**

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff."  *Traylor v. P'ship Title Co., LLC*, 491 F. App'x 988, 989 (11th Cir. 2012).  However, "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  *See also Prop. Mgmt. & Invs., Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir. 1985) (stating that "[t]he court has discretion as to whether to accept material beyond the pleading that is offered in conjunction with a 12(b)(6) motion" but "once the court decides to accept matters outside the pleading, it must convert the motion to dismiss into one for summary judgment"); *Nalls v. Coleman Low Fed.*

*Inst.*, 307 F. App'x 296, 297 (11th Cir. 2009) (finding that "the district court was authorized to convert the defendants' motion to dismiss into a motion for summary judgment" based on the three exhibits the defendants attached to the motion); *Hosch v. XchangeAgent, Inc.*, No. 4:10-cv-0191, 2013 WL 12415351, at *1 (N.D. Ga. Feb. 1, 2013) (noting that "[t]he [c]ourt . . . cannot consider materials outside the pleadings, such as [an] affidavit . . . when evaluating a motion to dismiss, unless the Court chooses to convert the motion to dismiss into a motion for summary judgment").

In this case, Guerra does not contend that the facts as pleaded in the Complaint demonstrate that the doctrine of qualified immunity bars Cliatt's claims. Rather, he relies on his affidavit, which is outside the pleadings, to make his argument for dismissal. Consequently, the Court converts his motion to dismiss into one for summary judgment.

B.   **Motion for Summary Judgment**

"Summary judgment is appropriate when the record evidence, including depositions, sworn declarations, and other materials, shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (quoting Fed. R. Civ. P. 56) (quotation marks omitted). The party moving for

summary judgment bears the initial burden of showing that no genuine issue exists as to any material fact, "and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). After the movant satisfies this initial burden, the nonmovant bears the burden of showing specific facts indicating summary judgment is improper because a material issue of fact does exist. *Id.*

Regardless of the procedure, the Eleventh Circuit is clear that "summary judgment may only be decided upon an adequate record" and "should not be granted until the party opposing the motion has had an adequate opportunity for discovery." *Snook v. Tr. Co. of Ga. Bank of Savannah*, 859 F.2d 865, 870 (11th Cir. 1988). Thus, "[i]f the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials." *Id*. *See also* Fed. R. Civ. P. 12(d) (stating that if the court converts a motion to dismiss into one for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion").

In *Estate of Todashev v. United States*, one of the defendants similarly filed a pre-discovery motion to dismiss Fourth Amendment claims on the basis of qualified immunity. No. 19-10245, 2020 WL 3397655, at *3 (11th Cir. June 19, 2020). As Guerra did here, the defendant in that case supported his motion to dismiss with his own affidavit describing his version of the facts and opposed the plaintiff's Rule 56(d) request for discovery to adequately respond to the motion. *Id*. at *6.

The court acknowledged that "[w]hether to grant or deny a Rule 56(d) motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party" and also that "to protect the substance of the qualified immunity defense . . ., this balancing is done with a thumb on the side of the scale weighing against discovery." *Id*. at *4. Nevertheless, it ultimately concluded that the plaintiff should be given an opportunity to conduct discovery because the defendant's argument for qualified immunity was based on his version of the facts, supported by evidence that was almost exclusively within his control, while at the same time he sought to prevent the plaintiff from conducting any discovery that might contradict those facts. *Id*. at *6. The court underscored that "Rule 56(d) provides

shelter against a premature motion for summary judgment when facts are unavailable to the nonmovant." *Id*. at *4.

Here, the Court agrees that it might be appropriate to limit discovery pending a ruling on qualified immunity in certain circumstances because "qualified immunity is an entitlement not to stand trial or face the other burdens of litigation," and "questions of qualified immunity must be resolved at the earliest possible stage in litigation." *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003). However, the record currently before the Court is far from adequate. No discovery has occurred, and, importantly, Cliatt has had no opportunity to interrogate the claims Guerra makes in his affidavit. Because the areas of proposed discovery Cliatt's counsel outlined in his Rule 56(d) declaration are highly relevant to Guerra's qualified immunity defense, Cliatt would be prevented from opposing summary judgment in any meaningful way if he is not allowed to gather those facts.

Moreover, the United States, which is a co-defendant, has not moved to dismiss the case, so discovery involving Guerra is inevitable regardless of what happens in his individual case.

Accordingly, the court finds that Cliatt's need for discovery—especially of matters peculiarly within the knowledge of Guerra—outweighs the burden of discovery on Guerra.

Based on the foregoing analysis, the Court **DENIES** Guerra's motion for summary judgment without prejudice and grants Cliatt's motion for discovery.

### C.   Scope of Discovery

Guerra argues that discovery should be "strictly limit[ed] . . . to issues related to . . . Guerra's qualified immunity" should the Court grant Cliatt's request for discovery.

Cliatt, on the other hand, asserts that discovery should not be stayed or limited because the Complaint sets forth claims against the United States, which has not filed a motion to dismiss. In Cliatt's view, "[t]he operative facts for all . . . claims are the same and staying discovery would only serve to delay this matter."

Cliatt further argued in his prior brief opposing Guerra's motion to stay discovery that "the scope of discovery will not be dramatically different with, or without, . . . Guerra in the suit individually" and that an analysis of "whether Guerra's actions were, *e.g.*, negligent to support a tort claim [against the United States] or objectively unreasonable to support a Fourth Amendment violation [against Guerra individually] will require examination of the same factual predicate."

It is well-settled, as Guerra points out, that district courts must limit discovery in order to promote the intent behind the qualified immunity doctrine

and ensure officials who may eventually be protected by the doctrine are not subjected to unnecessary and burdensome discovery or trial proceedings. *See Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998). But limitation on discovery is neither automatic nor necessarily appropriate in all circumstances. For example, in *Atlanta Independent School System v. S.F ex rel. M.F.*, while the district court was mindful that "[b]ifurcating discovery could be proper if limiting the initial stage [of discovery] . . . would be substantially less burdensome" than to allow discovery to proceed without limitation, the court denied the defendants' motion for protective order because "there [was] a large amount of overlap between the evidence necessary to prove [the defendant] [was] entitled to official immunity and the evidence necessary to prove that she [was] liable for the tort." No. 1:09-cv-2166, 2011 WL 721488, at *10 (N.D. Ga. Feb. 22, 2011). The court further found that "if [the defendant] [were] unsuccessful at the summary judgment stage, bifurcation of discovery [would] likely extend the time needed to ultimately resolve [the] action and [could] lead to duplicative discovery efforts in the separate stages of discovery." *Id*.

The Court finds the reasoning in *Atlanta Independent School System* apposite in this case, where five of the six counts in the Complaint are tort claims against the United States and are centered on the warrant incident (like the

constitutional claims in the sole count against Guerra). Because the United States has not moved to dismiss the case, the case against it must proceed irrespective of the resolution of Guerra's qualified immunity defense. As such, Guerra—the central figure in the dispute—would have to participate in discovery related to the claims against the United States. Discovery will concern the same documents, witnesses, *etc.*, and the burden on Guerra will therefore largely be the same even if discovery against Guerra is specifically limited to the issue of qualified immunity while discovery is allowed to naturally proceed against the United States.[1] On these facts, the Court finds that it is imprudent to limit discovery against Guerra only to the issue of qualified immunity.[2]

Accordingly, the stay on discovery entered by this Court on March 27, 2020, is hereby lifted, and discovery may proceed against all defendants as allowed under applicable law.[3]

---

[1] Bifurcating discovery against the United States will result in duplicative efforts and delay the resolution of this matter.
[2] The cases Guerra cites in support of his argument to limit discovery are distinguishable because they do not involve a circumstance where no discovery has occurred, the only available evidence is the defendant's own affidavit and full discovery would inevitably proceed against a co-defendant who has not raised a qualified immunity defense.
[3] The Court notes that Guerra has at his disposal the tools available under Rule 26(c) to protect against unduly burdensome discovery.

**SO ORDERED** this 28th day of August, 2020.

_____
J. P. BOULEE
United States District Judge